Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SELVA ROSALIA HENRIQUEZ RODRÍGUEZ<br><br>RECURRIDA<br><br>V.<br><br>ALFREDO GONZÁLEZ APONTE, POR SÍ Y EN REPRESENTACIÓN SLG, FULANA DE TAL POR SÍ Y EN REPRESENTACIÓN DE LA SLG, CASA ZENITH Y OTROS<br><br>PETICIONARIOS | KLCE202400449<br><br><br>CONSOLIDADO CON: | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala:805<br><br>Civil Núm.: SJ2023CV09088<br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |
| SELVA ROSALIA HENRIQUEZ RODRÍGUEZ<br><br>RECURRIDA<br><br>V.<br><br>ALFREDO GONZÁLEZ APONTE, POR SÍ Y EN REPRESENTACIÓN SLG, FULANA DE TAL POR SÍ Y EN REPRESENTACIÓN DE LA SLG, CASA ZENITH Y OTROS<br><br>PETICIONARIOS | KLCE202400450 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala:805<br><br>Civil Núm.: SJ2023CV09088<br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2024.

Recurren ante nos Multinational Insurance Company (en adelante, "Multinational") y Casa Zenith, Inc. (en lo sucesivo, "Casa Zenith"), mediante los recursos de *certiorari*: KLCE202400449 y KLCE202400450, respectivamente. Sus comparecencias son a los fines de solicitar nuestra intervención para que dejemos sin efecto las resoluciones emitidas el 20 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan en el caso SJ2023CV09088. Mediante los referidos dictámenes, el foro de origen determinó que ambos comparecientes demandados en el caso SJ2023CV9088 no lograron controvertir que la causa de acción incoada por la parte demandante estuviera prescrita.

2

Por los fundamentos que expondremos a continuación, expedimos los autos y *confirmamos* los dictámenes recurridos.

**I.**

La controversia ante nuestra consideración tiene su origen el 28 de julio de 2022. En dicha fecha, la Sra. Selva Rosalía Henríquez Rodríguez (en lo sucesivo, "la recurrida"), presentó una "*Demanda*" bajo el número de caso SJ2022CV06773**.** Posteriormente, el 10 de octubre de 2022, presentó un "*Aviso de Desistimiento sin Perjuicio.*" En respuesta, el 11 de octubre de 2022, el foro primario emitió una "*Sentencia*" mediante la que concedió el desistimiento solicitado. Así las cosas, el 26 de septiembre de 2023 la recurrida instó la "*Demanda"* de epígrafe.

En esta relató, que el 12 de febrero de 2020 sufrió una caída en la mueblería Casa Zenith, sita en la Avenida Constitución 301 del Municipio de San Juan. A raíz de ello, según adujo, tuvo lesiones en su cuerpo. Entre ellas, una rotura o desagarre total del "rotator cuff" y fractura del húmero. Arguyó, que dichas lesiones le fueron ocasionas por la condición peligrosa localizada en el suelo de la Casa Zenith. Toda vez que, alegadamente no se habían identificado los desniveles yacentes en el piso, ni se habían colocado barreras físicas que evitaran el tránsito de los visitantes.

Expresó que en la misma fecha del 12 de febrero de 2020, realizó una reclamación ante Multinational, la aseguradora de la Casa Zenith. Posteriormente, el 20 de julio de 2020, remitió una reclamación extrajudicial a los dueños de la Casa Zenith. Ello, a los efectos de interrumpir cualquier término prescriptivo aplicable. Añadió, que el 9 de marzo de 2021, por conducto de su representación legal, envió una reclamación extrajudicial a Multinational. Alegó que comenzó junto a Multinational un denominado "descubrimiento de prueba extrajudicial," al amparo de la reclamación que se había instado ante la referida aseguradora. Sostuvo, que le proveyó a Multinational los expedientes médicos que hasta ese momento tenía, y que durante el proceso fue entrevistada por el ajustador José Escudero.

Finalmente, expresó que el 30 de julio de 2021, Multinational le cursó una oferta transaccional, la cual no aceptó. Consecuentemente, el proceso de la reclamación ante Multinational culminó. Argumentó, que luego de ello comenzó a decursar nuevamente el término prescriptivo para presentar la demanda de epígrafe. En virtud de lo expuesto, solicitó al foro recurrido que ordenara a Multinational, la Casa Zenith y el resto de los peticionarios de epígrafe, el pago solidario de $1,300,000.00. Esto, en concepto de los daños físicos y emocionales que sufrió como consecuencia de la aludida caída.

Tras varios trámites procesales que no son necesarios de pormenorizar, tanto Multinational como la Casa Zenith presentaron escritos a los fines de solicitar que el pleito se resolviera por la vía sumaria. Primeramente, el 11 de enero de 2024, bajo el recurso **KLCE202400449,** Multinational presentó una "*Solicitud de Sentencia Sumaria Parcial.*"[1] Ello, a tenor de lo dispuesto en la Regla 36 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36. En síntesis, planteó que la reclamación entablada estaba prescrita. Sostuvo su posición bajo el fundamento de que la carta notificada por la recurrida el 9 de marzo de 2021 se había remitido a destiempo. Esto, dado que, la recurrida la notificó un (1) año y veintiséis (26) después de expirado el término prescriptivo de un (1) año dispuesto en el artículo 1868 del Código Civil de 1930, 31 LPRA, sec. 5298.

En la alternativa, argumentó que si se considerara la comunicación del 9 de marzo de 2021 como una reclamación extrajudicial que tuvo el efecto de interrumpir el referido término de un (1) año, el resultado hubiera sido el mismo; la acción hubiera estado igualmente prescrita. Toda vez que, el término para presentar la demanda vencía el 9 de marzo de 2022, y la primera "*Demanda*" instada por la recurrida se presentó el 28 de julio de 2022. Añadió, que la denominada oferta de transacción que le fue remitida

---

[1] Multinational acompañó su escrito con la siguiente prueba documental: Carta suscrita por José Escudero en la fecha del 28 de febrero de 2020; Carta suscrita por Enrique R. Adames Soto en la fecha del 23 de julio de 2020; Carta suscrita por Enrique R. Adames Soto en la fecha del 9 de marzo de 2021; Carta suscrita por Enrique R. Adames Soto en la fecha del 23 de julio de 2021; Carta suscrita por Rafael Avilés en la fecha del 30 de julio de 2021; "*Demanda*" del 28 de julio de 2022; "*Aviso de Desistimiento sin Perjuicio*;" "*Sentencia*" emitida el 11 de octubre de 2022.

a la recurrida no constituyó un reconocimiento de deuda. Esto, toda vez que, fue enviada a tenor del deber de toda aseguradora de notificar el ajuste final de una reclamación. Además, sostuvo que, de conformidad con nuestro ordenamiento jurídico, las conversaciones y gestiones que se den entre las partes a los efectos de lograr una posible transacción no constituyen un reconocimiento de deuda. Ante ello, solicitó al foro recurrido que dictara sentencia sumaria parcial a su favor y consecuentemente ordenara la desestimación con perjuicio de la "*Demanda*."

En reacción, el 9 de febrero de 2024, la recurrida presentó "*Moción en Oposición a Solicitud de Sentencia Sumaria*."[2] En esencia alegó que, contrario a lo aducido por Multinational, la reclamación no estaba prescrita. Sostuvo su posición bajo el fundamento de que Multinational omitió una serie de comunicaciones extrajudiciales que fueron cursadas entre las partes, las cuales demostraron su intención de mantener vigente la causa de acción. Aseveró, que a partir del 5 de marzo de 2020 las partes comenzaron a intercambiar información para el manejo de la investigación, y trámite de la reclamación instada el 12 de febrero de 2020 ante Multinational. Añadió, que el 20 de julio de 2020, le notificó a Casa Zenith, por conducto de sus dueños, una reclamación extrajudicial. Agregó, que el 9 de marzo de 2021, en aras de preservar su reclamación, le notificó a Multinational una "*Segunda Reclamación Extrajudicial*." Argumentó, que el proceso de evaluación ante Multinational se extendió hasta el 30 de julio de 2021. En dicha fecha, según expuso, Multinational le realizó una oferta de pago, la cual rechazó el día 3 de agosto de 2021. Posteriormente, entabló la primera reclamación judicial del 28 de julio de 2022. Finalmente, radicó la presente "*Demanda*." Por lo cual, arguyó que existieron múltiples gestiones que interrumpieron el término prescriptivo de un (1) año

---

[2] La recurrida acompañó su solicitud con la siguiente prueba documental: "*Suplemento Formulario de Reclamación*;" Carta del 12 de febrero de 2020 suscrita por José J. Escudero; Misiva intitulada: "*Continuación de reclamación Extrajudicial*;" Comunicación del 24 de julio de 2020, emitida por José J. Escudero; Comunicación del 22 de diciembre de 2020, emitida por José J. Escudero; Carta del 9 de marzo de 2021, suscrita por Enrique R. Adames Soto; "*Declaración Jurada*" suscrita por Selva R. Henríquez Rodríguez; Carta del 3 de agosto de 2021, suscrita por Enrique R. Adames Soto; Comunicación del 5 de mayo de 2021, emitida por Luz B. Arrieta Torres; Comunicación del 9 de marzo de 2021, emitida por Enrique R. Adames Soto; y Comunicación del 9 de marzo de 2021, emitida por José J. Escudero.

dispuesto en el Código Civil de 1930, *supra*, para la ejecución de reclamaciones extrajudiciales.

De otra parte, adujo que constituía una práctica desleal de Multinational la dilación que ejecutó en el manejo de su reclamación, para luego levantar la defensa de prescripción extintiva. Según argumentó, dicha actuación contraviene lo resuelto en el caso de *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120. En virtud de lo expuesto, solicitó al foro recurrido que declarara *No Ha Lugar* la "*Solicitud de Sentencia Sumaria Parcial*," presentada por Multinational.

En atención a los escritos presentados, el 20 de marzo de 2024, el foro recurrido notificó una de las resoluciones que nos ocupa, bajo el aludido recurso **KLCE20202400449.** Mediante esta, dicho foro determinó que la recurrida logró controvertir que la causa de acción estuviera prescrita. En consecuencia, ordenó a Multinational que contestará la "*Demanda*" de epígrafe. En la "*Resolución*" dictaminada, el foro recurrido, esbozó las siguientes determinaciones de hechos no controvertidos:

> 1. El 12 de febrero de 2020, se presentó una reclamación a Multinational por los hechos ocurridos ese día, en Casa Zenith, en la Avenida Constitución #301, en San Juan, PR.
>
> 2. El 28 de febrero de 2020, el Sr. José J. Escudero, ajustador independiente designado por Multinational, envió una carta a la demandante:
>
> "Estimada Sra. Henríquez:
>
> Reciba un cordial saludo. Soy ajustador independiente de seguros designado por Multinational Insurance Company, compañía aseguradora de Casa Zenith (sic) llevar a cabo la investigación relacionada al accidente que usted sufriera en la tienda localizada en Puerta de Tierra, San Juan, PR.
>
> Como parte de la investigación de este asunto necesitamos se comunique con el que suscribe a los fines de programas una reunión para entrevistarle sobre lo ocurrido […]"
>
> 3. El 23 de julio de 2020, la demandante, a través de su representación legal, cursó una carta al Sr. José J. Escudero:
>
> "Estimado señor Escudero:
>
> Reciba cordial saludo. Me suscribo en nombre y representación de la señora Selva Rosalia Henríquez (Chaly) en relación al accidente ocurrido el 12 de febrero de 2020 en Casa Zenith.

En estos momentos nos encontramos haciendo acopio de toda la información de hechos, así como prueba médica de daños para formular la reclamación formalmente y con la mayor información posible incluyendo un informe de un médico evaluador independiente de los daños sufridos por mi clienta. La señora Henríquez no ha concluido sus tratamientos médicos tras la cirugía en su hombro derecho y tras 26 terapias. Una vez logre precisar todo lo necesario para presentar el reclamo para investigación y ajuste conforme los términos para ello que dispone el Código de Seguro, lo haremos y ver si es posible evitar un proceso judicial.

En adelante, cualquier comunicación sobre el asunto de referencia le solicito sea por conducto de nuestra oficina…"

4. El 9 de marzo de 2021, la demandante, a través de su representante legal, cursó una carta de reclamación extrajudicial al Sr. José J. Escudero.

5. El 23 de julio de 2021, la demandante, a través de su representante legal, cursó una carta al Sr. José J. Escudero.

6. El 30 de julio de 2021, Multinational extendió a la demandante una oferta de transacción de $25,000.

7. El 28 de julio de 2022, la demandante presentó una demanda, en el caso intitulado Selva R. Henríquez Rodríguez v. Alfredo González Aponte, et. al., civil número SJ2022CV06773, y reclamó el resarcimiento de los presuntos daños y perjuicios sufridos a consecuencia de la caída que sufrió el 12 de febrero de 2020, en la mueblería Casa Zenith.

8. El 10 de octubre de 2022, la demandante presentó un Aviso de desistimiento sin perjuicio, a tenor con la Regla 39.1 (a) (1) de Procedimiento Civil, 32 L.P.R.A. Ap. V (2009).

9. Así las cosas, el 11 de octubre de 2022, el Tribunal de Primera Instancia, Sala de San Juan, por voz de la Honorable Juez Aileen Navas Auger, acogió el desistimiento sin perjuicio y dictó sentencia.

En lo que respecta al recurso **KLCE202400450**, el 24 de enero de 2024, Casa Zenith presentó una "*Solicitud de Sentencia Sumaria Parcial a favor de Casa Zenith Inc.*"[3] En síntesis, expuso que luego de la fecha de los aducidos hechos no recibió reclamación extrajudicial alguna. Cónsono con lo anterior, sostuvo, que solo se reclamó extrajudicialmente contra sus dueños, lo cual omitía su personalidad jurídica distinta y separada a la de sus accionistas. Ante ello según alegó, el término para radicar la causa de

---

[3] Casa Zenith acompañó su solicitud con la siguiente prueba documental: "*Declaración Jurada*" suscrita por Roxana Aponte Márquez; "*Certificado de Registro*;" documento intitulado "*Certificado de Incorporación de una Corporación Autorizada a Emitir Acciones de Capital*;" "*Demanda*;" "*Aviso de Desistimiento sin perjuicio*;" "*Sentencia*;" Documento intitulado "*Certificado de Resolución Corporativa de Casa Zenith, Inc.*;" y "*Certificado de Disolución.*"

acción vencía un año después de los argüidos hechos. Es decir, el 12 de febrero de 2021. Expresó, que el 28 de julio de 2022 la recurrida instó la primera "*Demanda.*" Ello, fuera del referido término prescriptivo. Así pues, argumentó que la reclamación presentada por la recurrida estaba prescrita.

Añadió, que de conformidad con nuestro ordenamiento jurídico los términos prescriptivos se deben interrumpir de forma individual para cada uno de los alegados cocausantes del daño. Adujo, que la recurrida no cumplió con el aludido deber jurídico, dado que, la comunicación enviada el 9 de marzo de 2021 fue remitida exclusivamente a su aseguradora Multinational. Además, sostuvo que tampoco dicha comunicación fue oportuna, por lo cual no interrumpió el referido término prescriptivo. En virtud de lo expuesto, solicitó al foro recurrido que declarara *Ha Lugar* la "*Solicitud de Sentencia Sumaria Parcial a favor de Casa Zenith Inc.*" y desestimara con perjuicio la reclamación entablada por la recurrida.

En respuesta, el 26 de febrero de 2024, la recurrida presentó "*Moción en Oposición a Solicitud de Sentencia Sumaria presentada por la Casa Zenith, Inc.*" [4] En esencia, sostuvo que existieron múltiples comunicaciones que interrumpieron el término prescriptivo de la reclamación. Contrario a lo argüido por Casa Zenith, aseveró que el 20 de julio de 2020, en efecto le envió de forma directa una reclamación extrajudicial. Añadió, que dicha comunicación fue por conducto de los dueños de Casa Zenith, y que esta última fue incluida en la carta como uno de los destinatarios. Además, alegó que la Casa Zenith omitió el hecho de que le instruyó que continuara el trámite de la reclamación a través de su aseguradora Multinational. Sostuvo que se mantuvo en constante comunicación con Multinational. Específico, que dichas comunicaciones se

---

[4] La recurrida acompañó la referida oposición con la siguiente prueba documental: Documento intitulado "*Suplemento Formulario de Reclamación*;" Comunicación suscrita por José J. Escudero, con fecha de 15 de julio de 2020; Carta intitulada "*Continuación de reclamación Extrajudicial*," suscrita por Selva Rosalía Henríquez y con fecha de 20 de julio de 2020; Comunicación del 24 de julio de 2020 suscrita por José J. Escudero; Comunicación del 22 de diciembre de 2020 suscrita por José J. Escudero; Carta del 9 de marzo de 2021 suscrita por Enrique R. Adames Soto; "*Declaración Jurada*" suscrita por Selva Rosalía Henríquez Rodríguez; Carta del 3 de agosto de 2021, suscrita por Enrique R. Adames Soto; Comunicación del 5 de mayo de 2021 suscrita por Luz B. Arrieta Torres; Comunicaciones del 9 de marzo de 2021; Documento intitulado "*Información de Corporación*;" Documento intitulado "*Artículos de Disolución.*"

extendieron hasta el mes de agosto de año 2021. Finalmente, reiteró que lo resuelto en el caso de *Birriel Colón v. Supermercado Los Colobos*, supra, es de aplicación a los hechos ante nuestra consideración. En virtud de lo expuesto, solicitó al foro recurrido que declarara *No Ha Lugar* la "*Solicitud de Sentencia Sumaria Parcial a favor de Casa Zenith Inc.*" En consecuencia, que ordenara la continuación de los procedimientos.

A los fines de resolver la cuestión litigiosa, el 21 de marzo de 2024, el foro recurrido notificó la segunda "*Resolución"* que nos ocupa, bajo el recurso **KLCE202400450**. Mediante esta, dicho foro determinó que la recurrida logró controvertir que la causa de acción estaba prescrita. En la referida "*Resolución"* esbozó los siguientes hechos incontrovertidos:

1. El 17 de febrero de 2017, de conformidad con las leyes del Estado Libre Asociado de Puerto Rico, se incorporó la corporación Casa Zenith, Inc., bajo el número de registro 3916001.

2. El 12 de febrero de 2020, la Sra. Selva Rosalía Henríquez Rodríguez t/c/c Chaly Henríquez sufrió una caída en las facilidades de Casa Zenith, Inc.

3. El 28 de julio de 2022, la demandante presentó una primera demanda, en el caso intitulado Selva R. Henríquez Rodríguez v. Alfredo González Aponte, et. al., civil número SJ2022CV06773, y reclamó el resarcimiento de los presuntos daños y perjuicios sufridos a consecuencia de la caída que sufrió el 12 de febrero de 2020, en las facilidades de Casa Zenith.

4. El 10 de octubre de 2022, la demandante presentó un Aviso de desistimiento sin perjuicio, a tenor con la Regla 39.1 (a) (1) de Procedimiento Civil, 32 L.P.R.A. Ap. V (2009).

5. El 11 de octubre de 2022, el Tribunal de Primera Instancia, Sala de San Juan, por voz de la Honorable Juez Aileen Navas Auger, acogió el desistimiento sin perjuicio y dictó sentencia.

6. El 2 de enero de 2023, mediante una reunión extraordinaria celebrada por la Junta de Directores, se resolvió disolver la corporación Casa Zenith, Inc.

7. El 15 de marzo de 2023, se autorizó la disolución de la corporación Casa Zenith, Inc.

En desacuerdo con las resoluciones emitidas, Multinational y Casa Zenith presentaron solicitudes de *certiorari* ante este Tribunal. En el

recurso **KLCE20202400449,** Multinational esbozó los siguientes señalamientos de error:

> Erró el TPI porque no cumplió con su deber de determinar cuáles hechos estaban de buena fe controvertidos, contrario a las disposiciones mandatori[a]s de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V R. 36.4 (2009).
>
> Erró el TPI al negarse a desestimar sumariamente la demanda instada contra Multinational a pesar de que la carta del 9 de marzo de 2021 no surtió efecto jurídico alguno, toda vez que fue notificada <u>fuera</u> del término prescriptivo de un año.
>
> Erró el TPI al aplicar la reciente opinión del Tribunal Supremo en Birriel Colón v. Supermercado Los Colobos et. al., 212 DPR ___, 2023 TSPR 120, a los hechos de [sic] epígrafe.

En cuanto al recurso **KLCE202400450**, Casa Zenith formuló los siguientes señalamientos de error:

> Erró el TPI porque no cumplió con su deber de determinar cuáles hechos estaban de buena fe controvertidos, contrario a las disposiciones mandatori[a]s de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V R. 36.4 (2009).
>
> Erró el TPI al negarse a desestimar sumariamente la demanda instada contra Casa Zenith, a pesar de que la única carta que tuvo el efecto de interrumpir la causa de acción en su contra fue aquella notificada el 20 de julio de 2020.
>
> Erró el TPI al aplicar la reciente opinión del Tribunal Supremo en <u>Birriel Colón v. Supermercado Los Colobos et. al.,</u> 212 DPR ___, 2023 TSPR 120, a los hechos de [sic] epígrafe.

Así las cosas, el 25 de abril de 2024, emitimos una "*Resolución.*" Mediante esta ordenamos la consolidación de los recursos KLCE202400449 y KLCE202400450, por estos recurrir de resoluciones relacionadas y dictadas dentro del mismo caso.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

**II.**

**A.　*Certiorari:***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65, 212 DPR ____; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil

de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap.

XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparta de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.     Sentencia Sumaria**:

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de

hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V., R. 36.3; *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero, además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible

en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2). Es decir, el promovido no puede descansar en meras alegaciones y afirmaciones. *Birriel Colón v. Supermercado Los Colobos,* supra. Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. *SLG Zapata-Rivera v. JF Montalvo, supra*; *Ramos Pérez v. Univisión, supra*, pág. 215. De incumplir con ello, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho. *León Torres v. Rivera, supra, pág. 44; SLG Zapata-Rivera v. J.F. Montalvo, supra.*

No obstante, aun en ausencia de prueba que controvierta la evidencia presentada por la parte promovente, esto no significa que procederá la moción de sentencia sumaria automáticamente, pues el tribunal no está obligado a resolver a favor del promovente. Se resolverá a favor de este si el juzgador "queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria". *Mun. de Añasco v. ASES et al*, 188 DPR 307, 327 (2013). Véase, además, *Fernández Martínez v. RAD-MAN SJ, LLC*, 208 DPR 310, 337 (2021); *Jusino Figueroa v. Walgreens of San Patricio*, 155 DPR 560, 578 (2001); *Piovanetti García v. Touma*, 178 DPR 745, 774 (2010).

Si la parte quien se opone a la solicitud de sentencia sumaria utiliza declaraciones juradas como su mecanismo para admitir prueba, estas se basarán en el conocimiento personal del o la declarante, además que contendrán hechos que sean admisibles y demuestren que él o la declarante está cualificado para testificar. 32 LPRA Ap. V, R. 36.5. Por otra parte, la Regla 36.6 establece que:

Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer

su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa. 32 LPRA Ap. V, R. 36.6.

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA, supra*, pág. 941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión, supra*, pág. 216.

Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nos toca analizar los documentos que acompañan la moción que solicita la sentencia sumaria y los documentos incluidos con la moción en oposición, y aquéllos que obren en el expediente del Tribunal; con el fin de determinar si el oponente controvirtió algún hecho material o si hay

alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 193 (2000). Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004). En fin, nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119.

**C.      La prescripción extintiva y la reclamación extrajudicial**:

La prescripción extintiva es una figura de naturaleza sustantiva y no procesal, la cual se rige por los principios del Código Civil. *Nevárez Agosto v. United Surety et al., 209 DPR 346, 356 (2022); Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2013). Al respecto, el Artículo 1832 del Código Civil, 31 LPRA sec. 5243,[5] establece que los derechos y acciones se extinguen por la prescripción según los términos provistos por ley.

Los términos prescriptivos tienen como objetivo evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *González v. Wal-Mart, Inc.*, 147 DPR 215,

---

[5] Al tratarse el presente caso de hechos acontecidos bajo la vigencia del Código Civil de 1930, dispondremos de la controversia a tenor con el marco doctrinal entonces vigente. Véase, artículo 1815 del Código Civil de 2020; Cruz *Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 483 (2022).

216 (1998) (Sentencia). La prescripción extintiva evita las consecuencias que genera la resucitación de reclamaciones viejas como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. *Culebra Enterprises Corp. v. E.L.A.*, 127 DPR 943, 950 (1991).

En términos generales, el Artículo 1873 del Código Civil*, supra,* indica que, la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. Véase, *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10. De conformidad con lo anterior, se ha resuelto que la prescripción constituye un derecho sustantivo y acarrea la desestimación de cualquier demanda presentada fuera del término previsto para ello. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 166 (2007).

En particular, el Artículo 1868, *supra*, dispone que aquellas acciones que se derivan de la culpa o negligencia prescriben por el transcurso de un año desde que lo supo el agraviado. Cónsono con la teoría cognitiva del daño, este plazo comienza a decursar desde el momento en que el agraviado: 1) conoce del daño, o razonablemente debió conocerlo; 2) quién fue su autor, y 3) desde cuándo éste conoce los elementos necesarios para ejercitar efectivamente la acción. *Toro Rivera v. ELA,* 194 DPR 393, 416 (2015); *Santiago v. Ríos Alonso*, 156 DPR 181, 189 (2002). A tales efectos, el agraviado debe contar con todos los elementos necesarios para presentar la correspondiente reclamación judicial, siempre que de buena fe y no por falta de diligencia atribuible a su persona, desconozca que tiene derecho a hacerla valer. *Allende Pérez v. García*, 150 DPR 892, 903-904 (2000); *Vega v. J. Pérez & Cía. Inc.*, 135 DPR 746, 754-755 (1994). De manera que, salvo que se produzca la interrupción del término prescriptivo, la reclamación para exigir responsabilidad al amparo de dicho artículo prescribe por el transcurso de un año.

Conforme fue expuesto, la reclamación extrajudicial es una de las formas de interrumpir el referido término prescriptivo. Nuestro

ordenamiento jurídico no exige que dicha reclamación extrajudicial tenga una forma específica. *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 505 (2011). La aludida reclamación puede ser en forma escrita o verbal. *Díaz Santiago v. International Textiles*, 195 DPR 862, 870 (2016). Ello, debido a que, la importancia de una reclamación extrajudicial radica en que brinde un "aviso adecuado de la existencia de una posible reclamación." *SLG García-Villega v. ELA et al.,* 190 DPR 799, 816 (2014).

Ahora bien, la referida reclamación extrajudicial debe cumplir con ciertos requisitos para que logre una efectiva interrupción del término prescriptivo. Dichos requisitos se resumen en los conceptos de oportunidad, legitimación, identidad e idoneidad. *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 229 (2019). De los referidos conceptos se desprende que una reclamación extrajudicial debe ser oportuna. Esto, indica que se debe realizar antes de la consumación del plazo prescriptivo. También debe ser presentada por la persona con legitimación para ello, lo cual implica que debe ser la titular del derecho o acción cuya prescripción se pretende interrumpir. De igual modo, debe existir identidad entre el derecho reclamado y el afectado por la prescripción. Asimismo, el medio utilizado para llevar a cabo la reclamación debe ser idóneo. Véase, *Díaz Santiago v. International Textiles,* supra, pág. 870; y *Pereira Suárez v. Jta. Dir. Cond.*, supra, pág. 506.

Cabe destacar, que la reclamación extrajudicial debe constituir "una manifestación inequívoca de quien, amenazado con la pérdida de su derecho expresa su voluntad de no perderlo." *Díaz Santiago v. International Textiles,* supra, pág. 870. Así pues, dicha reclamación no puede ser un mero recordatorio del derecho que se concibe tener. Véase, *Pereira Suárez v. Jta. Dir. Cond.*, supra, 506. En ese sentido, "han de valorarse como reclamación cualesquiera actos que rompen el llamado silencio de la relación jurídica, que sean contrarios a la dejación o abandono del derecho y que hagan, por consiguiente, injusto que el sujeto pasivo pueda quedar

beneficiado por el transcurso del tiempo". *Birriel Colón v. Supermercado Los Colobos*, supra.

**D.      Las prácticas desleales en el Código de Seguros de Puerto Rico:**

En nuestra jurisdicción la industria de seguros está revestida de un alto interés público. *Nevárez Agosto v. United Surety et al.*, supra, pág. 358. El Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA, sec. 101 et seq., constituye la legislación especial a través de la cual la Asamblea Legislativa reglamenta las prácticas y requisitos de dicha industria. *Carpets & Rugs v. Tropical Reps*, 175 DPR 615, 632 (2009). De manera supletoria la industria de seguros es regulada por el Código Civil. *Nevárez Agosto v. United Surety et al.*, supra, pág. 358.

En lo atinente, uno de los renglones que se regula por medio del Código de Seguros de Puerto Rico, *supra* es el perteneciente a las prácticas desleales y fraude en el negocio de los seguros. *Carpets & Rugs v. Tropical Reps*, supra, pág. 632. Estas prácticas se encuentran dispuestas dentro del capítulo 27 del Código de Seguros de Puerto Rico, 26 LPRA, sec. 2701-2736. El propósito de este capítulo es el de "regular las prácticas comerciales en el negocio de seguros, definiendo o disponiendo para la determinación de todas las prácticas en Puerto Rico que constituyen métodos desleales de competencia, o actos o prácticas engañosas, y prohibiendo las prácticas comerciales que así se definan o determinen." 26 LPRA sec. 2701. El referido capítulo prohíbe, entre otras cosas, las prácticas desleales en el ajuste de las reclamaciones. Una de las prácticas prohibidas consiste en "[n]o intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad." 26 LPRA, sec. 2716a (6). Véase, *Consejo de Titulares v. MAPFRE,* 208 DPR 761, 775 (2022).

En síntesis, lo que pretende esta regulación es conseguir que las aseguradoras sean diligentes en el trámite de las reclamaciones para de esta forma lograr proteger a los asegurados de la mala fe y dilación que

puedan manifestar las aseguradoras. Véase, *Com. Seg. P.R. v. Antilles Ins. Co.*, 145 DPR 226, 232 (1998). Cónsono con ello, los contratos de Seguro se rigen por el principio de la buena fe, el cual es un precepto general de toda actividad jurídica que existe en nuestro ordenamiento. *Feliciano Aguayo v. Mapfre,* 207 DPR 138, 149 (2021).

**III.**

Tras una revisión de novo de la totalidad del expediente que obra ante nos, determinamos que no existen hechos materiales y pertinentes en controversia. El asunto en disputa en el presente caso más bien se dirige a una cuestión de naturaleza jurídica. Por lo cual, nos resta evaluar el derecho aplicable a la doctrina de la prescripción. Por entender que los señalamientos de error de ambos recursos están íntimamente relacionados, procedemos a discutirlos en conjunto.

De entrada, la regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, exige a los tribunales que formulen una lista de los hechos que están en controversia y los que no están controversia en el pleito en los casos en que se deniegue total o parcialmente una solicitud de sentencia sumaria. Véase, *Meléndez González v. M. Cuebas*, supra, pág. 117 (2015). En este caso, el foro recurrido emitió solo una lista de los hechos incontrovertidos. A pesar de que fundamentó su decisión de no desestimar las reclamaciones en la prueba que incluyó la recurrida al oponerse a las solicitudes de sentencia sumaria, ciertamente no detalló de manera clara y expresa los hechos que quedaron controvertidos en el pleito. Por lo cual, el presente error fue cometido. Ahora bien, este error no es de tal naturaleza como para incidir en la corrección del dictamen del foro recurrido al no conceder las desestimaciones peticionadas por Mutinational y la Casa Zenith. Veamos.

El argumento principal de Casa Zenith y Multinational consiste en que la reclamación de la recurrida prescribió al siguiente año de la ocurrencia de los alegados hechos. Es decir, el 12 de febrero de 2021. Casa Zenith fundamenta su postura bajo el planteamiento de que la

recurrida no dirigió la carta del 20 de julio de 2020 directamente a su persona jurídica. A su vez, sostiene que la recurrida omitió el interrumpir el término prescriptivo para ella y Multinational de una forma individualizada. Por su parte, Multinational aduce que el término prescriptivo venció el 12 de febrero de 2021. Esto, dado que, la comunicación notificada por la recurrida el 9 de marzo de 2021 fue realizada a destiempo.    Sus argumentos no nos persuaden.

Primeramente, la misiva del 20 de julio de 2020 cumple con los requisitos legales aplicables para constituir una efectiva reclamación extrajudicial. Se realizó dentro del término de un (1) año desde que la recurrida conoció que sufrió el alegado daño; la reclamación fue enviada por la recurrida como la titular de la causa de acción; el derecho que fue reclamado es idéntico al afectado por el término prescriptivo en cuestión; y el medio utilizado fue idóneo. Por otro lado, distinto a lo argumentado por Casa Zenith, el nombre de su persona jurídica aparece escrito en la parte superior de la misiva junto al de los destinatarios que esta va dirigida. En cuanto al otro planteamiento de Casa Zenith, destacamos que surge expresamente del texto de la aludida carta que la recurrida también le reclamó los daños sufridos a Multinational. Independientemente de ello, ha sido expresión de nuestro mas Alto Foro, que en este tipo de casos el efecto de la interrupción de la prescripción no está predicado en el concepto de la solidaridad entre asegurado y asegurador.

De otra parte, no podemos expresarnos sobre una interrupción del término prescriptivo contra Multinational, sin antes evaluar las comunicaciones que fueron cursadas entre dicha aseguradora y la recurrida. Surge del expediente ante nuestra consideración, que posterior a la legítima reclamación extrajudicial del 20 de julio de 2020, la recurrida se mantuvo en comunicaciones extrajudiciales con Multinational. Estas se efectuaron desde el 23 de julio de 2020 hasta el 3 de agosto de 2021; momento en la recurrida rechazó la oferta de pago cursada por Multinational.    Dichas comunicaciones no constituyeron un mero

recordatorio del alegado derecho de la recurrida o un escueto intercambio de información. Estas reflejaron la existencia de unas negociaciones entre la recurrida y Multinational para llegar a un posible acuerdo extrajudicial. Las referidas negociaciones eran de conocimiento de Casa Zenith, quien sabía la existencia de una reclamación instada ante su aseguradora Multinational.

Las aludidas comunicaciones son una manifestación inequívoca de la recurrida para no perder el reclamo de su derecho y constituyen un acto contrario a la dejación o abandono de dicho derecho. En ese sentido, la recurrida actuó de buena fe en el trámite de su reclamación, lo cual es indispensable en este tipo de interrupciones extrajudiciales. Así pues, ante estas circunstancias, contrario a lo aducido por Casa Zenith y Multinational, el precedente de *Birriel Colón v. Supermercado Los Colobos*, supra, es de aplicación al presente caso. En dicho precedente, de forma similar a este caso, existió una sola reclamación extrajudicial contra la asegurada. De igual modo, en el referido caso la reclamante mantuvo una serie de comunicaciones extrajudiciales con la aseguradora del alegado causante del daño. En estas comunicaciones, como en el caso presente, la aseguradora solicitó varios documentos y se coordinó una entrevista con la persona reclamante. Asimismo, de forma similar a los hechos que nos ocupan, la persona reclamante no instó una reclamación judicial hasta pasado un (1) año de la única reclamación extrajudicial dirigida a la persona asegurada.

Ante dichos eventos, el Tribunal Supremo reiteró que la prescripción no es una figura rígida, sino un concepto que depende de las circunstancias particulares que se examinan. En el caso ante nos, las comunicaciones entre las partes demuestran una creencia razonable de que Multinational actuó en representación de Casa Zenith en la realización de las negociaciones extrajudiciales. [6] Los actos de la recurrida demuestran diligencia en proseguir su reclamación y son ejemplo de uno

---

[6] Según la "*Declaración Jurada*" presentada por la recurrida, Casa Zenith le refirió a su aseguradora a Multinational para que tramitara sus reclamos. Véase, pág. 82-83 del "*Índice de Apéndice*" del recurso **KLCE202400449**.

de los principios de nuestro ordenamiento jurídico de fomentar las transacciones. Así lo evidencian las comunicaciones cursadas. Nótese, que la última comunicación emitida por Multinational fue una oferta de transacción del 30 de julio de 2021, la cual le había requerido la recurrida. [7] Esta fue rechazada por la recurrida en fecha de 3 de agosto de 2021. Posteriormente, el 28 de julio de 2022, la recurrida presentó una primera "*Demanda*." Acto seguido, el 11 de octubre de 2022, el foro a quo, dictó una sentencia en la que concedió el desistimiento sin perjuicio peticionado por la recurrida. Finalmente, la recurrida instó el 26 de septiembre de 2023 la "*Demanda*" de epígrafe.

El relato procesal antes descrito indica que la causa de acción no está prescrita. Toda vez que, luego de culminar las negociaciones extrajudiciales entre la recurrida y Multinational, hubo dos (2) oportunas reclamaciones judiciales que interrumpieron el término prescriptivo de un (1) año. Cabe destacar, que la comunicación del 9 de marzo de 2021 formó parte de la serie de comunicaciones existentes entre Multinational y la recurrida para llegar a un posible acuerdo extrajudicial. Estas comunicaciones muestran de forma patente que la recurrida continuó peticionando su derecho.

De otra parte, Casa Zenith y Multinational esgrimen como argumento alternativo, que de entenderse legítimas las reclamaciones extrajudiciales del 20 de julio de 2020 y 9 de marzo de 2021, a lo sumo la causa de acción hubiera prescrito el 20 de julio de 2021 o el 9 de marzo de 2022. Acoger dichas posturas erradicaría la existencia de las aludidas negociones entre Multinational y la recurrida conducentes al posible logro de un acuerdo extrajudicial. A su vez, sería contrario a lo resuelto en el caso *Birriel Colón v. Supermercado Los Colobos*, supra. Finalmente, es preciso señalar, que, bajo las circunstancias presentes, la recurrida no mostró la cualidad de la indolencia, la cual simboliza el fin castigable por la prescripción extintiva. Cónsono con lo anterior, nuestro ordenamiento

---

[7] El 23 de julio de 2021, la recurrida le requirió a Multinational que formulara una oferta transaccional en aras de evaluarla. Véase, la pág. 35 del "*Índice de Apéndice*" del recurso **KLCE202400449**.

jurídico veda las prácticas desleales de las aseguradoras en el ajuste de las reclamaciones y el silencio habilidoso que da paso al transcurso sigiloso del tiempo.

**IV.**

Por los fundamentos expuestos, expedimos los autos solicitados debidamente consolidados y confirmamos los dictámenes recurridos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones